```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

EDNECDIA SUTINA JOHNSON,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:20-00310

WARDEN REHERMAN,
FPC Alderson,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on May 7, 2020, in which he recommended that the district court dismiss plaintiff's petition under 28 U.S.C. § 2241, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Johnson timely filed objections to the PF&R. See ECF No. 7. With respect to those objections, the court has conducted a de novo review.

Johnson is in federal custody at FPC Alderson, a BOP facility in the Southern District of West Virginia. She is serving a term of imprisonment based upon the sentence she received in the Northern District of Georgia. The instant petition, filed pursuant to 28 U.S.C. § 2241, concerns the failure of the commissary at FPC Alderson to stock a certain hair moisturizer. Magistrate Judge Tinsley recommended that the petition be dismissed because Johnson was challenging the conditions of her confinement and not the fact or length of confinement. By separate Order, Magistrate Judge Tinsley directed the Clerk to open a new civil rights action using the petition filed herein.

Johnson argues that her petition is properly filed under § 2241 because she is essentially challenging the BOP's failure to follow its own policies and procedures and that § 2241 is the proper vehicle for doing so. Furthermore, she objects to construing her complaint as one under Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388

2

(1971). Johnson's objection that she can proceed under § 2241 is without merit.

Concerning the limits of 28 U.S.C. § 2241, one court recently explained:

> § 2241(c)(3) . . . authorizes judges of this court to grant habeas corpus relief to an inmate "in custody in violation of the Constitution or laws or treaties of the United States." Although not expressly stated in the statute, however, a writ of habeas corpus is reserved for attacks on the fact or duration of the petitioner's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). . . .
>
> Conversely, challenges to living conditions or restrictions that the inmate encounters while in prison fall well outside the core of habeas corpus subject matter and must be raised, if at all, in a civil action for damages or injunctive relief under federal or state law. Similarly, Hodge's request for injunctive relief to prohibit such violations of his civil rights related to prison living conditions does not pertain to the fact or length of his confinement and is not properly pursued in a habeas action. Preiser, 411 U.S. at 500. Thus, to the extent that Hodge's complaint raises claims concerning segregated confinement, medical care, use of force, or other alleged living conditions or harassment he has encountered in prison, he fails to state viable claims for habeas relief under § 2241. . . .

Hodge v. Rivers, Case No. 7:20CV00570, 2021 WL 48638, at *2 (W.D. Va. Jan. 6, 2021). Likewise, this court recently concluded that challenges to conditions of confinement are not cognizable in habeas proceedings under 28 U.S.C. § 2241:

> The issue of whether a prisoner may challenge the conditions of confinement in a habeas proceeding has not been definitively resolved by the Supreme Court. Compare Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)

(recognizing that habeas corpus might possibly be available to challenge prison conditions), and Wilwording v. Swenson, 404 U.S. 249, 249-51 (1971) (recognizing challenges to prison "living conditions and disciplinary measures" are "cognizable in federal habeas corpus"), with Muhammad v. Close, 540 U.S. 749, 750 (2004) (explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."), and Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). In answering this open question, the Fourth Circuit has consistently, albeit never directly, concluded that most conditions of confinement claims are not cognizable in habeas proceedings. See, e.g., Rodriguez v. Ratledge, 715 F. App'x 261, 265-66 (4th Cir. 2017) ("[C]ourts have generally held that a § 1983 suit or a Bivens action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not."); Braddy v. Wilson, 580 Fed. App'x 172 (4th Cir. 2014) (dismissing a habeas petition alleging a condition of confinement claim as improperly brought under Section 2241); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983) ("The principle to be deduced from Preiser . . . appears to be that when the claim relat[es] to [conditions of confinement] . . . the suit [must be] a § 1983 action.").

Moreover, courts within this district have consistently held that challenges to conditions of confinement are not cognizable in habeas proceedings. See Hargrove v. Masters, 2017 WL 712758, at *2 (S.D.W. Va. Feb. 23, 2017) ("challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action"); see also Brown v. Zeigler, 2013 WL 4500473, at *6-7 (S.D.W. Va. Aug. 20, 2013); Daniel v. Craig, 2008 WL 644883, at *2 (S.D.W. Va. Mar. 7, 2008); Berry v. McBride, 2006 WL 2861077, at *1 (S.D.W. Va. Oct. 5, 2006).

This court concludes that challenges to conditions of confinement are not cognizable in habeas proceedings under Section 2241.

4

Sandlain v. Rickard, CIVIL ACTION NO. 1:19-00025, 2019 WL 4691467, at *1-2 (S.D.W. Va. Sept. 25, 2019), aff'd 801 F. App'x 202 (4th Cir. Apr. 20, 2020) (footnote omitted); see also Pinkney v. U.S. Dept. of Justice, Civil Action No. 1:07cv106, 2009 WL 277551, at *3 (N.D.W. Va. Feb. 5, 2009) (dismissing petition under 28 U.S.C. § 2241 where petitioner was challenging conditions of confinement).

Finally, Johnson's argument that the BOP's failure to follow its own policies and procedures allows her to proceed under § 2241 is also without merit.

> Hodge also has no viable claim under § 2241 that prison officials have violated their own policies and program statements . . . . A violation of a program statement or other BOP regulation does not implicate the Constitution, and thus, does not prove any ground for relief under § 2241 for an inmate complaining of such violations. Shahan v. Ormond, No. 3:18CV200-HEH, 2018 WL 6681210, at *5 (E.D. Va. Dec. 19, 2018), aff'd, 778 F. App'x 217 (4th Cir. 2019) (unpublished) (citing Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."). . . .

Hodge, 2021 WL 48638, at *3; see also Sepulveda v. Warden Canaan USP, No. 15-2755, 645 F. App'x 115, 118 n.2 (3d Cir. Apr. 1, 2016) ("A habeas claim under § 2241 cannot be sustained based solely on the BOP's alleged violation of its own Program Statements inasmuch as the Program Statements are not mandated by statute or the Constitution. . . ."); Burman v. Warden, FCI

5

Berlin, Civil No. 20-cv-982-JD, 2021 WL 2953183, at *4 (D.N.H. July 14, 2021) ("Violation of BOP Program Statements does not provide grounds to support habeas corpus relief.").

Based upon the foregoing, it is clear that § 2241 is not the proper avenue in which to seek the relief plaintiff requests and her petition is subject to dismissal.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **DISMISSES** this case for lack of jurisdiction, and directs the Clerk to remove this case from the court's active docket.[*]

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v.

---

[*] Johnson's motion for summary judgment, filed after the PF&R was issued, see ECF No. 9, is **DENIED**.

McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

    **IT IS SO ORDERED** this 29th day of September, 2021.

    ENTER:

    David A. Faber
    Senior United States District Judge